19-1101-cv
*Grace Int'l Assembly of God v. Gennaro Festa, Falcon Gen. Constr. Servs., Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of December, two thousand nineteen.

PRESENT: AMALYA L. KEARSE,
CHRISTOPHER F. DRONEY,
RICHARD J. SULLIVAN,
*Circuit Judges.*

------------------------------------------------------------------

GRACE INTERNATIONAL
ASSEMBLY OF GOD,

     *Plaintiff-Appellant,*

    v.                              No. 19-1101-cv

GENNARO FESTA, FALCON GENERAL
CONSTRUCTION SERVICES, INC.,

     *Defendants-Appellees.*

------------------------------------------------------------------

FOR APPELLANT: MICHAEL A. HASKEL, Haskel & Wright PLLC, Mineola, NY.

FOR APPELLEES: GREGORY PANDOLFO, Goodman Jurist & Pandolfo, LLP, Garden City, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Grace International Assembly of God ("Grace") appeals from a decision of the district court (Feuerstein, J.) dismissing its claims against Defendants-Appellees Gennaro Festa and Falcon General Construction Services, Inc. under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c), and state law. On appeal, Grace argues that the district court erred in finding that Grace failed to adequately plead a pattern of predicate acts sufficient to state a claim under RICO. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *See Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 380 (2d Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addressing the sufficiency of a complaint we accept as true all factual allegations and draw from them all reasonable inferences; but we are not required to credit allegations that are speculative or conclusory." *See, e.g., Twombly*, 550 U.S. at 555, 557.

## I. RICO

"To state a claim for damages under RICO a plaintiff . . . must allege . . . (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invest[ed] in, or maintain[ed] an interest in, or participate[d] in (6) an 'enterprise' (7) the activities of which affect[ed] interstate or foreign commerce.'" *Moss v. Morgan Stanley Inc.*,

719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. § 1962(a)-(c) (1976)), *cert. denied Moss v. Newman*, 465 U.S. 1025 (1984).

As the primary basis for its racketeering claim, Grace alleges that Defendants committed numerous counts of wire fraud, in violation of 18 U.S.C. § 1343, during the course of a construction project commissioned by Grace. Grace also alleges that Defendants committed money laundering, in violation of 18 U.S.C. § 1956, although it disclaims any specific harm resulting from those offenses. Instead, Grace merely argues that the money laundering counts support its claim of a RICO pattern. We assume for the purposes of this Order that Grace has adequately pleaded both wire fraud and money laundering, but find nonetheless that Grace has not alleged a pattern of racketeering activity as required under RICO.

## II. RICO Pattern

A "pattern of racketeering activity" must consist of at least two predicate acts, "the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). Racketeering activities must "amount to or pose a threat of continued criminal activity." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999) (quoting *H.J. Inc. v.*

4

*Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). To meet this so-called "continuity" requirement, a "plaintiff in a RICO action must allege either an open-ended pattern of racketeering activity (*i.e.*, past criminal conduct coupled with a threat of future criminal conduct) or a closed-ended pattern of racketeering activity (*i.e.*, past criminal conduct extending over a substantial period of time)." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 180 (2d Cir. 2004) (quoting *GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 466 (2d Cir. 1995)). "Given the routine use of mail and wire communications in business operations, . . . 'RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it.'" *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 489 (2d Cir. 2014) (quoting *Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12, 20 (1st Cir. 2000), *cert. denied*, 532 U.S. 905 (2001)).

## A. Closed-ended Continuity

Like the district court, we find that Grace has failed to allege closed-ended continuity. As noted above, "[t]o satisfy closed-ended continuity, the plaintiff must prove 'a series of related predicates extending over a substantial period of time.'" *Cofacredit*, 187 F.3d at 242 (*quoting H.J. Inc.*, 492 U.S. at 242). Since the

5

Supreme Court decided *H.J. Inc.*, we have never found predicate acts spanning less than two years to be sufficient to constitute closed-ended continuity. "[W]hile two years may be the *minimum* duration necessary to find closed-ended continuity, the mere fact that predicate acts span two years is insufficient, without more, to support a finding of a closed-ended pattern." *First Capital*, 385 F.3d at 181. The court must also consider the number and variety of predicate acts, the presence or absence of multiple schemes, and the number of participants and victims. *See Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 184 (2d Cir. 2008); *First Capital*, 385 F.3d at 181.

Grace argues it has adequately alleged the requirements of closed-ended continuity because "the acts took place for a period extending longer than two (2) years," Plaintiff's Amended Complaint ("AC") ¶ 240, since the scheme allegedly lasted a total of twenty-nine months. However, the scheme involved few victims – most generously Grace, its principal investor, and a handful of subcontractors who were left unpaid – and fewer perpetrators – just Festa, acting through his construction company, Falcon. At bottom, the RICO scheme alleged in the complaint had the limited goal of defrauding Grace. We therefore agree with the district court that such a scheme does not support a finding of closed-ended

6

continuity. *See First Capital*, 385 F.3d at 182 (holding that predicate acts over two-and-a-half years did not constitute closed-ended continuity because the complaint "alleged that [defendant] engaged in a single scheme to defraud two creditors by quickly moving his assets to his relatives and then concealing the existence of those assets during his bankruptcy proceeding").

## B. Open-ended Continuity

Grace also fails to allege open-ended continuity. There are two ways to show open-ended continuity – (1) "where the acts of the defendant or the enterprise [are] inherently unlawful, such as murder or obstruction of justice, and [are] in pursuit of inherently unlawful goals, such as narcotics trafficking or embezzlement," *United States v. Aulicino*, 44 F.3d 1102, 1111 (2d Cir. 1995), or (2) "where the enterprise primarily conducts a legitimate business" but there is "some evidence from which it may be inferred that the predicate acts were the regular way of operating that business, or that the nature of the predicate acts themselves implies a threat of continued criminal activity," *Cofacredit*, 187 F.3d at 243 (citing *H.J. Inc.*, 492 U.S. at 243). The allegation of a scheme that was inherently

7

terminable does not plausibly imply a threat of continued racketeering activity. *Id.* at 244

Grace has failed to allege the first type of open-ended continuity, which primarily targets organized crime. *See Reich v. Lopez*, 858 F.3d 55, 60 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 282 (2017) ("Even if [the defendant] pays bribes, it is primarily in the energy business; it is not a narcotics ring or an organized crime family."). And Grace fares no better in establishing open-ended continuity under the second method. Although Grace conclusorily alleges that the predicate acts were the means by which Falcon, a construction company, "regularly operated," AC ¶ 241, it points only to its own limited interactions with Festa in support of that contention, AC ¶ 241. At best, Grace alleges conclusorily and speculatively that the "nature of the predicate acts implied a threat of continuing activity" because "[t]he Project remained incomplete and similar predicate acts could continue to occur," AC ¶ 242, since the contract was only "38.5% complete," AC ¶ 243. But Grace's speculative claims regarding how long the fraud would continue do not, on their own, support a showing of open-ended continuity. *See GICC Capital Corp.*, 67 F.3d at 466 (rejecting claim that defendant would have continued scheme had plaintiff not commenced litigation on the grounds it was "entirely speculative").

8

Even accepting that the project remained unfinished, Grace's construction project was ultimately terminable, and Grace has offered no other facts to suggest the activities would continue in the future.

While Grace attempts to magnify the racketeering scheme by expanding the number of victims and predicate acts, in reality this is one scheme with one clear victim. That is clearly insufficient to establish a pattern for the purposes of RICO. *See Crawford*, 758 F.3d at 489 ("[M]ultiple acts of mail fraud in furtherance of a single episode of fraud involving one victim and relating to one basic transaction cannot constitute the necessary pattern.") (quoting *Tellis v. U.S. Fid. & Guar. Co.*, 826 F.2d 477, 478 (7th Cir. 1986)).

We have considered Grace's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9